ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| NAHUM GÓMEZ HIDALGO<br><br>APELANTE<br><br>V.<br><br>MIGUEL RIVERA ROSARIO, ÁNGEL RIVERA MELÉNDEZ Y JANE DOE RIVERA ROSARIO<br><br>APELADOS | KLAN202200939 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2019CV04816<br><br><br>Sobre: Daños Y Perjuicios |
|---|---|---|

Panel integrado por su presidente el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 30 de enero de 2023.

Nahum Gómez Hidalgo [en adelante "Sr. Gómez" o apelante] solicita la revisión y revocación de la Sentencia emitida por el Tribunal de Primera Instancia, Sala de Carolina, el 7 de septiembre de 2022, en adelante TPI. Mediante referido dictamen el foro de instancia desestimó con perjuicio la demanda instada por Gómez Hidalgo y el resto del caso. El apelante solicitó reconsideración el 11 de octubre de 2022, conforme la Resolución para extensión de términos por el Tribunal Supremo de Puerto Rico, EM-2022-007, la cual fue denegada en Resolución del 26 de octubre de 2022. Contra esa Resolución es que se presenta esta Apelación.

Por los fundamentos que exponemos a continuación, revocamos la sentencia apelada.

Número Identificador

SEN2023 _____

**I.**

El 17 de diciembre de 2019, el señor Nahum Gómez Hidalgo (en adelante, Sr. Gómez o apelante) presentó una demanda sobre daños y perjuicios contra el señor Miguel Rivera Rosario y otros codemandados (en conjunto, Sr. Rivera). En esta, reclamó el pago de los gastos legales e inconveniencias de litigar tres pleitos judiciales para lograr que el Sr. Rivera cumpliera con las obligaciones que acordó asumir mediante un contrato de opción de compra suscrito con el demandante el 24 de octubre de 2011.

En sus alegaciones, el Sr. Gómez relató que el Sr. Rivera es el propietario de un predio de terreno localizado en Loíza que tiene una cabida de 1,381.618 metros cuadrados y en la que enclava un negocio llamado *Blue Iguana*. La referida finca tiene un gravamen hipotecario a favor de First Bank. El 20 de octubre de 2011, dicho acreedor hipotecario consintió que el Sr. Rivera segregara y vendiera un lote de 676.7606 metros cuadrados que formaba parte del predio hipotecado, en el cual ubicaba el negocio, sujeto a ciertos términos y condiciones. Entre estos, que el Sr. Rivera tramitara a su costo las gestiones necesarias para la segregación del lote. El acreedor hipotecario dispuso que la autorización de segregación y venta del lote caducaba a los noventa (90) días, contados a partir de la fecha del consentimiento.

El Sr. Gómez explicó en la demanda que, el 24 de octubre de 2011, suscribió con el Sr. Rivera un contrato de opción de compra del terreno a segregarse y en el cual ubica el negocio, por el precio de $159,000.00. Según las alegaciones, el 19 de julio de 2013, el Sr. Gómez saldó el balance pendiente de pago del precio de compraventa convenido y el Sr. Rivera le otorgó recibo y carta

de pago. Además, el Sr. Rivera se comprometió a otorgar la escritura de segregación y compraventa de la parcela libre de cargas y gravámenes. Sin embargo, según adujo el Sr. Gómez, el Sr. Rivera no otorgó la referida escritura de segregación y compraventa del lote en cuestión.

El Sr. Gómez añadió que, por haber incumplido el contrato hipotecario, el banco[1] presentó una demanda sobre cobro de dinero y ejecución de hipoteca contra el Sr. Rivera. Dictada la *Sentencia por Estipulación*, y ante el incumplimiento del Sr. Rivera con los acuerdos, el acreedor hipotecario presentó una solicitud de ejecución de sentencia.[2] El Sr. Gómez afirmó que, dado su interés en el lote y el negocio *Blue Iguana*, presentó una moción de intervención en el referido caso.

El Sr. Gómez puntualizó que para hacer valer su derecho a intervenir en el pleito de cobro de dinero y ejecución de hipoteca seguido contra el Sr. Rivera recurrió al Tribunal de Apelaciones y al Tribunal Supremo. Por ello, reclama gastos legales ascendentes a $25,000.00. Además, solicita el resarcimiento de los sufrimientos y angustias mentales ocasionados por dicha litigación, más el pago de las costas y honorarios de abogados del presente litigio. El Sr. Gómez mencionó que el Sr. Rivera aún no había realizado la segregación del predio en controversia, ni otorgado la correspondiente escritura de compraventa.

El 6 de enero de 2020, el Sr. Rivera presentó una *Contestación a la Demanda y Reconvenció*n. En esencia, negó las alegaciones y solicitó una compensación en daños y perjuicios por las presuntas presiones del Sr. Gómez para que le cediera de

---

[1] LSREF2 Holdings, LTD, Inc. adquirió las facilidades de crédito y solicitó la sustitución de parte.
[2] *LSREF2 Island Holding LTD, Inc. v. Miguel Rivera Rosario*, Civil núm.: FCCI201000449.

manera gratuita una porción adicional de terreno. El 20 de febrero de 2020, el Sr. Gómez presentó *Contestación a Reconvención*. De esa forma quedó trabada una segunda controversia entre las mismas partes, en el caso.

Más adelante, el 27 de mayo de 2020, el Sr. Rivera presentó una *Moción de Desestimación.*

El 18 de septiembre de 2020, el Sr. Gómez presentó una *Réplica y Oposición a Desestimación*. Adujo que la doctrina de cosa juzgada en la modalidad de impedimento colateral por sentencia era inaplicable al caso de autos por falta de identidad de partes, puesto que en el pleito de ejecución de hipoteca las partes son el Sr. Rivera y el acreedor hipotecario y, además, dicho litigio no había culminado. Añadió que la acción no se encontraba prescrita, ya que se enteró del pleito de ejecución en el 2016, y desde entonces, ha litigado en dicha causa para salvaguardar su derecho sobre el lote.

El 22 de febrero de 2021, el TPI celebró una vista argumentativa, a la que solamente compareció el abogado del Sr. Gómez. Escuchada su argumentación, el TPI denegó la solicitud de desestimación del Sr. Rivera. A su vez, concedió 30 días para llevar a cabo el descubrimiento de prueba y solicitar al tribunal los remedios que correspondieran. No surge de los autos sanción alguna al demandado ni su abogado por la ausencia a una vista pautada en el caso.

Luego de varios trámites procesales ante el TPI, se declaró No Ha Lugar la Solicitud de Desestimación, incoada por la parte Apelada. Contra esa Resolución, el aquí Apelado, presentó "Petición de Certiorari" ante este Tribunal que recibió el núm. KLCE202100571, el cual fue denegado mediante Resolución notificada el 30 de junio de 2021.

El aquí apelado, como peticionario en caso anterior, instó Recurso de Certiorari ante el Tribunal Supremo de Puerto Rico, el cual fue denegado el 15 de octubre de 2021.

Este Tribunal emitió el Mandato al TPI, devolviendo a dicho foro su jurisdicción el 24 de noviembre de 2021, la que se presenta ante este caso en el TPI, el 1 de diciembre de 2021. El 25 de agosto de 2022, la parte apelada radicó Moción Solicitando Desestimación al amparo de la Regla 39.2 de Procedimiento Civil.

El TPI, el 25 de agosto de 2022, emitió orden para que en 10 días se mostrara causa por la cual no debía archivarse el caso CA2019CV04816, a tenor a la Regla 39.2 b. El 2 de septiembre de 2022, dentro del término otorgado, la parte apelante presentó moción titulada: Cumplimiento de Orden y Oposición a Desestimación.

En dicha Moción, el Apelante indica varias razones para justificar la inactividad por parte de este, siendo la primordial la salud del abogado de dicha parte aquí apelante.

El 8 de septiembre de 2022, se notificó Sentencia Desestimando y decretando archivo del caso, sin perjuicio, al amparo de que no se había hecho trámite alguno por dicha parte demandante en el caso por mas de seis (6) meses y aunque no habían otras actuaciones de dicha parte que requirieran alguna amonestación anterior, entendió que procedía la desestimación. Contra dicha sentencia y dentro de los términos extendidos por el Tribunal Supremo de Puerto Rico, mediante Resolución EM-2022-007, se presentó escrito de Reconsideración, el 11 de octubre de 2022.

El 26 de octubre de 2022, la parte demandada se opuso a la reconsideración instada por la parte demandante, básicamente reclamando que el escrito no cumplía los requisitos de SUMAC

para considerarse una moción firmada por el abogado del demandante ahora apelante, pues le faltaba la f antes del nombre del abogado.

El TPI declaró "sin lugar" dicha reconsideración.

En su recurso de Apelación, dicha parte señala que el TPI cometió el siguiente error:

ERRO EL TPI AL DESESTIMAR Y ARCHIVAR LA DEMANDA BAJO LA REGLA 39.2 (B) DE PROCEDIMIENTO CIVIL DETERMINANDO QUE LAS RAZONES ALUDIDAS POR EL DEMANDANTE NO SATISFACIAN EL CRITERIO DE JUSTA CAUSA.

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

## II.

## A. MOCIÓN DE RECONSIDERACIÓN

Nuestro ordenamiento procesal civil provee varios mecanismos para la parte que resulta adversamente afectada por un dictamen del foro de primera instancia. Entre estos se incluye la moción de reconsideración.

En particular, la moción de reconsideración fue adoptada en nuestra jurisdicción desde hace mucho como un medio para que el tribunal sentenciador modificase o corrigiese sus determinaciones. *Mun. Rincón v. Velázquez Muñiz*, 192 DPR 989, 995 (2015). Su objetivo es dar una oportunidad a la corte que dictó la sentencia o resolución cuya reconsideración se pide, para que pueda enmendar o corregir los errores en que hubiere incurrido al dictarla. *Dávila v. Collazo*, 50 DPR 494, 503 (1936). Dicho de otro modo, la moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de recurrir al

Tribunal de Apelaciones. *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014).

La Regla 47 de Procedimiento Civil, *infra*, establece, en lo pertinente, que:

> […]
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.
> **La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.**
> **La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.**
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
> La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto. (Énfasis nuestro). 32 LPRA Ap. V, R. 47.

Según se desprende de lo anterior, para que una moción de reconsideración interrumpa el término para recurrir al foro apelativo intermedio, debe ser presentada de manera oportuna y fundamentada. *Morales y otros v. The Sheraton Corp.,* supra, pág. 8. La Regla 47 de Procedimiento Civil, supra, establece un término de quince (15) días para la presentación de la moción de reconsideración. Si se trata de sentencias el término es

jurisdiccional, mientras que es de cumplimiento estricto si se trata de resoluciones y órdenes. *Íd.*

En cuanto al requerimiento de que la moción de reconsideración este fundamentada, el Tribunal Supremo ha aclarado, citando al tratadista Cuevas Segarra, que salvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y fundamenta su planteamiento, será suficiente para cumplir con la regla. *Íd*., pág. 9.

Es de notar que el requisito de que la moción de reconsideración sea específica se incluyó para evitar las mociones frívolas que generalmente dilatan la ejecución de los dictámenes judiciales. Es por ello por lo que, la reconsideración debe particularizar los hechos y el derecho que el tribunal debe reconsiderar, basándose en determinaciones de hechos pertinentes y en conclusiones de hechos materiales, al igual que las mociones de determinaciones de hechos y conclusiones de derecho. Informe de Reglas de Procedimiento Civil, Comité Asesor Permanente de las Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, 2007, pág. 555.

### B. ESCRITOS PRESENTADOS POR SUMAC

Mediante la Ley núm. 148-2013, se enmendaron las Reglas de Procedimiento Civil para añadir la Regla 67.6 de Procedimiento Civil, 32 LPRA Ap. V, *Presentación y Notificación por Medios Electrónicos.*

Dicha Regla 67.6 establece en su parte pertinente lo siguiente:

> Las alegaciones, mociones y demás escritos que se contemplan en estas reglas se presentarán al tribunal por medios electrónicos, **una vez se implanten las medidas administrativas y la tecnología necesaria para ello**. Asimismo, se notificarán por

medios electrónicos las órdenes, resoluciones, providencias interlocutorias y sentencias que emita el tribunal, al igual que cualquier otro documento que el Secretario o la Secretaria deba notificar durante un procedimiento civil.

El envío a la dirección o portal establecido por el Juez Presidente del Tribunal Supremo de Puerto Rico para cada Secretaría del Tribunal General de Justicia constituirá la presentación de escritos en el tribunal y en la Secretaría a la que se refiere estas reglas… (Énfasis nuestro).

Como se puede observar, las Reglas de Procedimiento Civil establecen un método oficial de presentación de escritos por medios electrónicos. Para ello, es necesario que el tribunal donde se presente la moción posea la tecnología necesaria, es decir, la dirección o portal establecida por el Juez Presidente o Jueza Presidenta del Tribunal Supremo de Puerto Rico. A esos efectos, la Rama Judicial de Puerto Rico ha implantado el Sistema Unificado de Manejo y Administración de Casos (SUMAC). SUMAC es el sistema implantado por virtud de la Regla 67.6 de Procedimiento Civil, *supra*. Íd.

La presentación del escrito con su nombre por el abogado en el sistema SUMAC, establece las garantías de confiabilidad que indican se trata de un escrito del abogado del caso y, salvo circunstancias excepcionales, el escrito así presentado debe ser considerado válido.

### C. Desestimación como Sanción por Abandono del Reclamo

Es principio procesal firmemente establecido en nuestro sistema de derecho que las Reglas de Procedimiento Civil no tienen vida propia, sino que existen para viabilizar la consecución del derecho sustantivo. *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807 (1986). Por ello, al impartir justicia el tribunal debe hacer un balance equitativo entre los intereses en conflicto,

interpretando las reglas procesales de forma tal que garanticen una solución justa, rápida y económica de los procedimientos. Regla 1 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, R. 1. De esta forma, nuestro ordenamiento civil exige a todas las partes el deber de actuar con diligencia durante la tramitación de los pleitos, concediéndole al tribunal la potestad para sancionar a aquellos litigantes que dilaten los procedimientos de forma innecesaria. *Sánchez Rodríguez v. Adm. De Corrección*, 177 D.P.R. 714 (2009). Se ha entendido que, el efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos, requieren que el foro sentenciador tenga la flexibilidad y discreción en el manejo diario y la tramitación de los asuntos, así como en la aplicación de los medios correctivos apropiados conforme a su buen juicio. *Pérez Pascual v. Vega Rodríguez*, 124 D.P.R. 529 (1989); *Ortiz Rivera v. Agostini*, 92 D.P.R. 187 (1965). Bajo la Regla 39.2(a) de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, R. 39.2(a), se le permite al tribunal utilizar la desestimación de la reclamación como mecanismo para sancionar la dejadez o inacción del litigante, siempre que la misma se aplique como sanción drástica de último recurso.

La Regla 39.2 (a) de Procedimiento Civil, 32 L.P.R.A. Ap. V., R. 39.2 (a), recoge gran parte de la jurisprudencia que ha interpretado la desestimación. En lo pertinente dispone:

> (a) Si la parte demandante deja de cumplir con estas reglas **o con cualquier orden del tribunal**, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta [sic] o la eliminación de las alegaciones, según corresponda.
>
> Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo [sic] procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de

la situación y se le haya concedido la oportunidad para responder. **Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones.** El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. 32 L.P.R.A. Ap. V, R. 39.2 (a) (Énfasis suplido).

Esta regla señala que un primer incumplimiento con una orden del tribunal no conlleva como sanción la desestimación de la demanda o la eliminación de las alegaciones. Por el contrario, se debe apercibir a la parte y sancionar al abogado. De no cumplirse con lo ordenado, el tribunal debe informarlo directamente a la parte y apercibirla de la sanción de la desestimación que se podría imponer de continuar con dicha actuación. *S.L.G. Sierra v. Rodríguez*, 163 D.P.R. 738, 746 (2005); *Dávila v. Hosp. San Miguel, Inc.,* 117 D.P.R. 807, 817 (1986).

De no surtir efecto la referida medida disciplinaria, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, **solo después que la parte haya sido debidamente informada de la situación y de las consecuencias que puede tener el que la misma no sea corregida**. *Maldonado v. Srio. Rec. Naturales*, 113 D.P.R. 494, 498 (1992). (Énfasis suplido).

Sobre la desestimación como sanción, el Tribunal Supremo expresó en *Mun. de Arecibo v. Almac. Yakima*, 154 D.P.R. 217, 222-223 (2001), lo siguiente:

[H]emos resuelto que la desestimación de un caso como sanción, debe prevalecer **únicamente en situaciones extremas en las cuales haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés** y "después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento". (Citas omitidas.) (Énfasis suplido).

Es norma reiterada que la desestimación de un pleito sin entrar en sus méritos como medio de sanción, debe ser utilizado como último recurso, luego de que otras sanciones hayan probado ser ineficaces y previo apercibimiento a la parte. Véase, *Ramírez de Arellano v. Srio. de Hacienda,* 85 D.P.R. 823, 829-830 (1962). **Como primera alternativa ante el incumplimiento procesal de una parte, el tribunal debe imponer sanciones económicas al abogado, a la parte o a ambos, antes de adoptar una determinación que pueda tener el efecto de privar a la parte de su día en corte**. *Véase, Imp. Vilca, Inc. v. Hogares Crea Inc*, 118 D.P.R. 679, 686 (1986); *Dávila v. Hosp. San Miguel Inc., supra*, pág. 814.

El trámite dispuesto en la Regla 39.2(a) reconoce que una parte no tiene derecho a que su caso adquiera vida eterna en los tribunales ni de mantener en estado de incertidumbre a la otra parte, sin más excusa que su falta de diligencia e interés en la tramitación de este. *Dávila v. Hosp. San Miguel, Inc.*, *supra*. "El interés de que los pleitos se vean en sus méritos amerita protección, pero no puede, bajo toda circunstancia, prevalecer sobre los intereses, igualmente justos, de la parte que ha sido diligente en que se resuelva el caso prontamente y se termine la incertidumbre, y los intereses del público en general en evitar la congestión en los calendarios y las demoras innecesarias en el trámite judicial […]". *Id*.

De otra parte, la Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V., R. 39.2(b), permite a un Tribunal desestimar un pleito por la dejadez o inacción de las partes respecto a sus casos. La citada Regla promulga que:

.    .    .    .    .    .    .    .

> (b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla.
>
> **El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos.** (Énfasis nuestro).

No obstante, nuestro Máximo Foro ha establecido como norma general, que la desestimación de una demanda es la sanción más drástica que se puede imponer, por lo que los tribunales deben establecer un balance entre el interés de tramitar los casos rápidamente y que éstos sean resueltos en sus méritos. *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 874 (2005). Por tal razón, en el contexto de la Regla 39.2 (b) de Procedimiento Civil, *supra*, también se ha reconocido como norma que, antes de proceder a la desestimación de un caso como sanción, debe haber quedado demostrado de forma clara y fehaciente la desatención y el abandono total de la parte con interés, además de constatarse que otras sanciones hayan sido ineficaces. *Mun. de Arecibo v. Almac. Yakima*, supra. Es decir, no debe desestimarse un pleito al amparo de la Regla 39.2 (b), *supra*, sin antes haber impuesto otras sanciones y sin haber un previo apercibimiento. Íd. De esta

forma se hizo extensiva la norma general del inciso (a) de la citada Regla a las situaciones a atenderse bajo el inciso (b).

Cónsono con lo anterior, luego de que las partes expongan los motivos por los cuales no debe desestimarse el caso, el tribunal debe realizar un balance de intereses entre la necesidad que tiene el tribunal de administrar su calendario, la necesidad de que los casos se resuelvan de forma expedita y el perjuicio ocasionado al demandado por la dilación en el caso. Íd. De no demostrarse perjuicio verdadero, no debe archivarse la acción. Íd. Por tanto, la desestimación únicamente se puede sostener por los tribunales revisores en aquellas instancias en las que se hayan utilizado otras medidas que resulten inútiles, de manera tal que se manifieste un claro desinterés y abandono por parte del reclamante. *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). Así, procede la desestimación por inacción bajo la Regla 39.2(b) de Procedimiento Civil, supra, "en casos extremos de clara e injustificada falta de diligencia". *Sánchez Rodríguez v. Adm. de Corrección*, supra, pág. 724.

### D. LA RECONVENCION

Conforme a nuestro ordenamiento la reconvención es la reclamación que presenta la parte demandada en un pleito civil para solicitar la concesión de un remedio contra la parte demandante. La misma es reconocida por la Regla 5.1 de Procedimiento Civil, 32. L.P.R.A. Ap. III R. 5.1, y regida por la Regla 11 de Procedimiento Civil 32 L.P.R.A. Ap. III, R.11.1. Pertinente al caso de autos es la reconvención compulsoria, la cual define la Regla 11.1 de Procedimiento Civil R. 11.1, 32 L.P.R.A. Ap. III, R.11.1:

> Una alegación contendrá por vía de reconvención cualquier reclamación que la parte que la formula

tenga contra cualquier parte adversa al momento de notificar dicha alegación, siempre que surja del acto, omisión o evento que motivó la reclamación de la parte adversa y no requiera para su adjudicación la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción.

Sin embargo, no será necesario incluir dicha reclamación mediante reconvención, si al momento de comenzarse el pleito tal reclamación era ya objeto de otro pleito pendiente. 32 L.P.R.A. Ap. III R. 11.1; *Neca Mortg. Corp v. A&W Dev. S.E.* 137 D.P.R. 860, 866 (1995). A través de dicho mecanismo el tribunal puede atender y resolver en una sola acción todas las posibles controversias que surgen de unos mismos hechos o que son comunes a las partes que coinciden en más de una reclamación. *Neca Mortg. Corp. v. A&W Dev. S.E.*, supra, a la pág. 867.

**III.**

En esencia, nos corresponde determinar si a la luz de las circunstancias del presente caso se justifica la sanción de la desestimación de la demanda.  Debemos atender, además, si podía el TPI, desestimar un caso en su totalidad estando pendiente y trabada una controversia sobre una reconvención presentada por el que solicita la desestimación del caso, sin que dicha parte renunciara expresamente a esa Reconvención, en la escueta Moción de Desestimación que presentó al TPI.

A su vez, también tenemos ante nuestra consideración un reclamo de la parte apelada que indica que no se debe considerar presentada la Reconsideración ante el TPI, ello por no haber sido firmada como requiere SUMAC y que por lo tanto, la Apelación debe desestimarse.

Por ir a nuestra jurisdicción, atendemos dicho planteamiento, primeramente. No tiene razón la parte apelada.

Las garantías de confiabilidad que ofrece el sistema denominado SUMAC para autenticar la correcta presentación de una Moción por un abogado, van mucho mas allá que colocar una f antes del nombre del abogado que presenta el escrito por dicho sistema. No vemos aquí nada que implique dudar de la autenticidad de la Moción de Reconsideración que presentara a través de SUMAC la parte apelante, ante el TPI. Por ello, la Moción de Reconsideración estuvo correctamente presentada, aunque antes del nombre del abogado que la presentó, no se escribió la f. Ese error es uno que, por si solo, no permite que se elimine la Moción de Reconsideración. Cónsono con lo anterior, concluímos, que si tenemos jurisdicción para atender el recurso.

Por otro lado, tenemos una Reconvención, presentada juntamente con la Contestación a la Demanda ante el TPI, que a su vez fue adecuadamente contestada y ello es un caso separado de la demanda original y no la mencionó la parte apelada en su reclamo de desestimación ante el TPI. Tampoco la menciona el TPI en su Sentencia desestimando el caso. Eso de por sí, no permite la Sentencia desestimatoria de todo el caso ante nuestra consideración.

El planteamiento medular del Apelante en su recurso, respecto a que no procedía la desestimación, como primera sanción en el caso, es correcto.

El presente recurso surge como resultado de la determinación del foro primario de desestimar la demanda que había sido presentada por los Peticionarios. El caso comenzó en diciembre de 2019 con la presentación de una demanda. Meses después comenzó la pandemia mundial causada por el denominado COVID-19. Al surgir la misma, en cada rincón del Planeta se tomó obligatoriamente una pausa.

En Puerto Rico, en el 2020, los Tribunales pudimos seguir viendo casos gracias a la implantación de múltiples tecnologías dentro del mundo de las computadoras que ya conocíamos. La velocidad en cada decisión disminuyó y empezaron a tomar más tiempo que antes. Ya estamos superando todo eso y volviendo a la normalidad anterior.

De las alegaciones de la demanda surge que la parte aquí apelante, lleva un tiempo en el Tribunal, con reclamos relacionados a un lote de 676.7606 metros cuadrados que formaba parte de un predio de mayor cabida, en el cual ubicaba el negocio del aquí apelante. Entre las alegaciones surge que, el 24 de octubre de 2011, el Sr. Gómez suscribió con el Sr. Rivera un contrato de opción de compra del terreno a segregarse y en el cual ubica un negocio de su propiedad, por el precio de $159,000.00. Según las alegaciones, el 19 de julio de 2013, el Sr. Gómez saldó el balance pendiente de pago del precio de compraventa convenido y el Sr. Rivera le otorgó recibo y carta de pago. Además, el Sr. Rivera se comprometió a otorgar la escritura de segregación y compraventa de la parcela libre de cargas y gravámenes. No sabemos que ha pasado con ese trámite, hoy en día. La demanda y la reconvención tratan del tipo de alegaciones que usualmente terminan en un Tribual para que las resuelva.

Tanto la demanda como la reconvención merecen ventilarse en el Tribunal con todas las garantías requeridas. La inacción de ambos reclamantes en este caso, por un periodo único y poco mayor a los seis (6) meses, que habla la Regla 39.2(b) de Procedimiento Civil, supra, tomando en cuenta la seriedad de la demanda y la reconvención, no permite la desestimación de este, por dicha inactividad por vez primera en el caso. Las razones que expuso el abogado de la parte apelante, ante el TPI, en su

cumplimiento a la Orden de Mostrar Causa, nos parecen suficientes para evitar la desestimación decretada.

Del examen del tracto procesal de este caso surge que el foro primario nuca impuso una sanción anterior a la desestimación del caso al apelante. No encontramos ninguna conducta en el caso que ameritara ningún apercibimiento al apelante, con anterioridad a esta situación que aquí atendemos. El proceder que requiere la justicia es exigir a las partes la mayor rigurosidad posible en el manejo de esta controversia hasta completar el trámite requerido, no la desestimación del caso, el cual se tiene seguir hasta que, en un término razonable, se les permita a las partes exponer la prueba que tienen en apoyo a sus reclamos y así dirimir las controversias.

## IV.

Por los fundamentos antes expuestos, se revoca la *Sentencia* apelada. Se devuelve el caso al Tribunal de Primera Instancia y se ordena la continuación de los procedimientos, de manera compatible con lo aquí dispuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones